Affirmed as Reformed and Memorandum Opinion filed
August 20, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01083-CR

 

____________

 

DANIEL SIVERAND, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd District
Court

Harris County, Texas

Trial Court Cause No.
1148120

 



 

M E M O R A N D U M   O P I N I O N








Appellant entered a guilty plea to aggravated robbery with a
deadly weapon.  On April 7, 2008, the trial court deferred adjudication of
guilt and placed appellant under community supervision for five years. 
Subsequently, the State moved to adjudicate guilt.  The trial court conducted a
hearing and found true the allegations in the State=s motion.  The trial court
adjudicated guilt and on November 14, 2008, sentenced appellant to confinement
for twenty years in the Institutional Division of the Texas Department of
Criminal Justice.  Appellant filed a timely notice of appeal.

Appellant=s appointed counsel filed a brief in which she concludes this
appeal is wholly frivolous and without merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), by
presenting a professional evaluation of the record and demonstrating why there
are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d
807, 811-12 (Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to appellant. 
Appellant was advised of the right to examine the appellate record and file a
pro se response.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim.
App. 1991).  As of this date, more than sixty days has elapsed and no pro se
response has been filed.

We have carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit.  Further, we find no reversible error in
the record.  A discussion of the brief would add nothing to the jurisprudence
of the state.  We are not to address the merits of each claim raised in an Anders
brief or a pro se response when we have determined there are no arguable
grounds for review.  See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex.
Crim. App. 2005).

The judgment incorrectly reflects appellant pled true to the
motion to adjudicate guilt.  Accordingly, we reform the judgment of conviction
to reflect appellant did not enter a plea of true to the motion to adjudicate. 
See Tex. R. App. P. 43.2.

The judgment of the trial court is affirmed as reformed.

 

PER CURIAM

 

Panel consists of Justices
Anderson, Guzman, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).